**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LISA WOODS, and LEROY WOODS,
As Co-Special Administrators of the Estate of
JOSHUA A. WOODS, Deceased,
LISA R. WOODS, Individually,
LEROY WOODS, Individually,
LISA R. WOODS and LEROY WOODS, and
LASALLE BANK, N.A. as Co-Guardians of the
Estate of MATTHEW WOODS, a minor, and
LISA R. WOODS and LEROY WOODS, and
LASALLE BANK, N.A. as Co-Guardians of the
Estate of JACOB WOODS, a minor,

Plaintiff,

v.

SOUTHWEST AIRLINES CO., and
THE BOEING COMPANY,

Defendants.

06cv2203
JUDGE KOCORAS
MAGISTRATE MASON

FILED LAL
APR 2 0 2006
Apr 20 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF REMOVAL**

The Defendant, SOUTHWEST AIRLINES CO. ("SWA"), by and through its attorneys, Michael J. Merlo, Alan J. Brinkmeier, Linda J. Schneider, Donald G. Machalinski, of MERLO KANOFSKY BRINKMEIER & GREGG Ltd., pursuant to 28 U.S.C. §§1331, 1337, and 1441(b), removes Case Number 2006 L 003686, entitled *Lisa R. Woods, et seq., et al., against Southwest Airlines Co., and The Boeing Company*, now pending in the Circuit Court of Cook County, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof states as follows:

## BACKGROUND

This cause of action arises out of an incident occurring on December 8, 2005, at Midway Airport in Chicago, Illinois involving a 737-700 aircraft ("737") being operated as SWA Flight Number 1248 from Baltimore, Maryland to Chicago, Illinois ("SWA 1248"). It is alleged that upon landing, the 737 overran Runway 31 Center and stopped on Central Ave. near the intersection of 55th Street, resulting in an emergency evacuation of the passengers. Multiple passengers onboard SWA 1248, and adjacent bystanders, have filed lawsuits against SWA, and others, seeking recovery for their alleged personal injuries arising from the incident.

## PARTIES

Upon information and belief, the Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, LISA R. WOODS, Individually, LEROY WOODS, Individually, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, a minor, and LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS, a minor, (collectively the "Woods"), at all relevant times hereto, were residents and citizens of .

SWA is a Texas corporation. The Defendant, THE BOEING CORPORATION ("Boeing"), is a Delaware corporation.

## PLEADINGS

On April 7, 2006, the Woods filed a complaint in the Circuit Court of Cook County, Law Division, Case Number 2006 L 003686, entitled *Lisa R. Woods et seq., et al. against Southwest Airlines Co., and The Boeing Company,* seeking recovery for injuries allegedly sustained in the

incident involving SWA 1248. (See attached Complaint, Exhibit A). The Woods' Complaint alleges claims for improper operation of an aircraft.

SWA was served with Woods' summons and complaint on April 7, 2006. Upon information and belief, Boeing has not yet been served with Woods' summons and complaint.

**REMOVAL**

SWA removes Woods' Complaint on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 because federal law governs Woods' right of recovery.

Woods' action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1331 and 1337 and one which can be removed to this Court by SWA pursuant to the provisions of Title 28, United States Code Section 1441, in that Woods' right to institute a claim for monetary damages arises under federal law which, pursuant to the Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified as 49 U.S.C. 1301 et. seq., now recodified and incorporated into 49 U.S.C. 40101, et. seq. and the regulations promulgated thereunder, implicitly preempts state law standards governing aviation safety, flight operations, and flight crew procedures. Woods' claims also necessarily depend upon resolution of substantial questions of federal law, i.e., whether the federal aviation legislation enacted by Congress and the regulations promulgated thereunder were intended to preclude a liability finding against an interstate air carrier which operated pursuant to the relevant federal standards and whether the use of state law to regulate the flight operations of a carrier engaged in interstate air commerce constitutes an unconstitutional burden on interstate commerce. See, e.g. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363 (2005).

In *Deahl v. Air Wisconsin*, 2003 WL 22843073 (N.D.Ill. 2003), Judge Zagel adopted *Abdullah v. American Airlines*, 181 F.3d 363 (3rd Cir.1999), which held that the plaintiff's state law claims were preempted.

Boeing consents to SWA's Removal. (See attached Consent, Exhibit B). At the time of the filing of this Notice of Removal, SWA has not received any notice that this case has been previously removed by Boeing and SWA files this Notice of Removal to timely preserve SWA's rights. Because thirty days have not elapsed since SWA and Chicago were served with Woods' summons and complaint, SWA's removal is timely.

Previously, SWA and the City removed three other personal injury lawsuits arising from SWA 1248 from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois on the same jurisdictional grounds. Those three cases, *Mariko L.A. Bennett and Stanley Penn against Southwest Airlines Co., The Boeing Company, and The City of Chicago; Bernice James against Southwest Airlines Co., and The City of Chicago;* and *Eugene Wesolowski v. Southwest Airlines Co. and the City of Chicago,* were consolidated and are pending before Chief Judge Charles P. Kocoras under cause nos. 06 c 317, 06 c 318, 06 c 319, 06 c 332, 06 c 330 and 06 c 331. On April 20, 2006 Chief Judge Kocoras denied those plaintiffs' motions to remand and found that the removal jurisdiction was proper. (See attached 04/20/2006 Order, Exhibit C).

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO., removes Case Number 2006 L 003686, entitled *Lisa R. Woods et seq., et al. against Southwest Airlines Co., and The Boeing Company*, now pending in the Circuit Court of Cook County, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

SOUTHWEST AIRLINES CO.

By: ______________________________
Michael J. Merlo
MERLO KANOFSKY BRINKMEIER & GREGG Ltd.

Attorneys for the Defendant,
SOUTHWEST AIRLINES CO.
Michael J. Merlo
Alan J. Brinkmeier
Linda J. Schneider
Donald G. Machalinski
MERLO KANOFSKY BRINKMEIER & GREGG Ltd.
208 South LaSalle Street, Suite 950
Chicago, Illinois 60604
(312) 553-5500
Attorney No. 40738

J:\users\!Files\Open Files\0194.11854\Removal\Woods.NoticeRemoval Federal FINAL.doc

JURY DEMAND

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LISA WOODS and LEROY WOODS as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, LISA R. WOODS, Individually, LEROY WOODS, Individually, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, a minor, and LISA R.WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS,

Plaintiffs,

v.

SOUTHWEST AIRLINES CO., a Texas Corporation, and THE BOEING COMPANY, a Delaware Corporation.

Defendants.

2006L003686
CALENDAR/ROOM C
TIME 00:00
PI Motor Vehicle

No.:

*PLAINTIFFS DEMAND A TRIAL BY JURY*

**COMPLAINT AT LAW**

**COUNT I**

**WRONGFUL DEATH -NEGLIGENCE -SOUTHWEST AIRLINES CO.**

**JOSHUA A. WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, LISA R. WOODS, Individually, LEROY WOODS, Individually, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, a minor, and LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES,

DEFENDANT'S EXHIBIT A

complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers

in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street at or near its intersection with Central Avenue and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff's Decedent, JOSHUA A. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, SOUTHWEST, Plaintiff's Decedent, JOSHUA A. WOODS, sustained injuries which resulted in his death on December 8, 2005.

13. Plaintiffs, LISA R. WOODS and LEROY WOODS, are the duly appointed Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, and bring this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

14. JOSHUA A. WOODS, Deceased, left surviving him, LISA R. WOODS and LEROY WOODS, his parents, and MATTHEW WOODS, JACOB WOODS, JOSEPH PETERS, LEE JAMES WOODS, and CINDY WOODS, his siblings, all of whom have sustained personal and pecuniary loss including the loss of love, support, guidance, affection, companionship, and society.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT II**

**WRONGFUL DEATH - WILLFUL AND WANTON - SOUTHWEST AIRLINES CO.**

**JOSHUA A. WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, by and through their attorneys, CLIFFORD LAW

OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down) , the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff's Decedent, JOSHUA A. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, exhibited an utter indifference and conscious disregard for the safety of others, including the Decedent, JOSHUA A. WOODS, and was willful and wanton in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust

reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, SOUTHWEST, Plaintiff's Decedent, JOSHUA A. WOODS, sustained injuries which resulted in his death on December 8, 2005.

13. Plaintiffs, LISA R. WOODS and LEROY WOODS, are the duly appointed Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, and bring this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

14. JOSHUA A. WOODS, Deceased, left surviving him, LISA R. WOODS and LEROY WOODS, his parents, and MATTHEW WOODS, JACOB WOODS, JOSEPH PETERS, LEE JAMES WOODS, and CINDY WOODS, his siblings, all of whom have sustained personal and pecuniary loss including the loss of love, support, guidance, affection, companionship, and society.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT III**

**SURVIVAL ACTION - NEGLIGENCE - SOUTHWEST AIRLINES CO.**

**JOSHUA A. WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff's Decedent, JOSHUA A. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the

air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, SOUTHWEST, the Plaintiff, JOSHUA A. WOODS, sustained injuries of personal and pecuniary nature, including but not limited to, conscious pain and suffering and had he survived he would have been entitled to bring an action for those injuries.

13. Had he survived, JOSHUA A. WOODS, would have been entitled to bring an action for the injuries he suffered and this action has survived him pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV

## STRICT LIABILITY- WRONGFUL DEATH - THE BOEING COMPANY

## JOSHUA A. WOODS

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at the same time that Flight 1248 was touching down, the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at the same time Flight 1248 was touching down, Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, shortly after Flight 1248 touched down, the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. Before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff's Decedent, JOSHUA A. WOODS, sustained injuries which resulted in his death on December 8, 2005.

13. Plaintiffs, LISA R. WOODS and LEROY WOODS, are the duly appointed Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, and bring this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1 <u>et seq.</u>

14. JOSHUA A. WOODS, Deceased, left surviving him, LISA R. WOODS and LEROY WOODS, his parents, and MATTHEW WOODS, JACOB WOODS, JOSEPH PETERS, LEE JAMES WOODS, and CINDY WOODS, his siblings, all of whom have sustained personal and pecuniary loss including the loss of love, support, guidance, affection, companionship, and society.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

<u>COUNT V</u>

<u>STRICT LIABILITY - SURVIVAL ACTION - THE BOEING COMPANY</u>

<u>JOSHUA A. WOODS</u>

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the

Estate of JOSHUA A. WOODS, Deceased, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff, JOSHUA A. WOODS, sustained injuries of personal and pecuniary nature, including but not limited to, conscious pain and suffering and had he survived he would have been entitled to bring an action for those injuries.

13. Had he survived, JOSHUA A. WOODS, would have been entitled to bring an action for the injuries he suffered and this action has survived him pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT VI**

**NEGLIGENCE - WRONGFUL DEATH - THE BOEING COMPANY**

**JOSHUA A. WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at the same time that Flight 1248 was touching down, the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at the same time Flight 1248 was touching down, Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, shortly after Flight 1248 touched down, the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, had a duty to exercise

ordinary care for the safety of others, including Plaintiff's Decedent, JOSHUA A. WOODS.

11. At all times mentioned herein, Defendant, BOEING was negligent in one or more of the following ways:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff's Decedent, JOSHUA A. WOODS, sustained injuries which resulted in his death on December 8, 2005.

13. Plaintiffs, LISA R. WOODS and LEROY WOODS, are the duly appointed Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, and bring this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq.

14. JOSHUA A. WOODS, Deceased, left surviving him, LISA R. WOODS and LEROY WOODS, his parents, and MATTHEW WOODS, JACOB WOODS, JOSEPH PETERS, LEE JAMES WOODS, and CINDY WOODS, his siblings, all of whom have sustained personal and

pecuniary loss including the loss of love, support, guidance, affection, companionship, and society.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VII

## NEGLIGENCE - SURVIVAL - THE BOEING COMPANY

## JOSHUA A. WOODS

Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running

in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, had a duty to exercise ordinary care for the safety of others, including Plaintiff's Decedent, JOSHUA A. WOODS.

11. At all times mentioned herein, Defendant, BOEING was negligent in one or more of the following ways:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BOEING, Plaintiff, JOSHUA A. WOODS, sustained injuries of personal and pecuniary nature, including but not limited to, conscious pain and suffering and had he survived he would have been entitled to bring an action for those injuries.

13. Had he survived, JOSHUA A. WOODS, would have been entitled to bring an action for the injuries he suffered and this action has survived him pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS, as Co-Special Administrators of the Estate of JOSHUA A. WOODS, Deceased, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT VIII**

**NEGLIGENCE - SOUTHWEST AIRLINES CO.**

**LISA R. WOODS**

Plaintiff, LISA R. WOODS , by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LISA R. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, LISA R. WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LISA R. WOODS, demands judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT IX**

**WILLFUL AND WANTON - SOUTHWEST AIRLINES CO.**

**LISA R. WOODS**

Plaintiff, LISA R. WOODS , by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY

WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LISA R. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, exhibited an utter indifference and conscious disregard for the safety of others, including the Plaintiff, LISA R. WOODS, and was willful and wanton in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, LISA R. WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LISA R. WOODS, demands judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT X**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - SOUTHWEST AIRLINES**

**LISA R. WOODS**

Plaintiff, LISA R. WOODS , by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LISA R. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LISA R. WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, LISA R. WOODS, was forced to observe her son in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of her proximity to her son, whose injuries were severe, and because of her presence in the zone of danger, LISA R. WOODS was in the danger of being killed.

WHEREFORE, Plaintiff, LISA R. WOODS, demands judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XI**

**STRICT LIABILITY - THE BOEING COMPANY**

**LISA R. WOODS**

Plaintiff, LISA R. WOODS, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), states as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running

in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their

aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff, LISA R. WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LISA R. WOODS, demands judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XII**

**NEGLIGENCE - THE BOEING COMPANY**

**LISA R. WOODS**

Plaintiff, LISA R. WOODS, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), states as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LISA R. WOODS.

11. At all times mentioned herein, Defendant, BOEING, was negligent in one or more of the following ways:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LISA R. WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LISA R. WOODS, demands judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XIII**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - THE BOEING COMPANY**

**LISA R. WOODS**

Plaintiff, LISA R. WOODS, by and through her attorneys, CLIFFORD LAW OFFICES, P.C.,

and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), states as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers

in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. Before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LISA R. WOODS, sustained injuries of a personal and pecuniary nature, including severe

emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, LISA R. WOODS, was forced to observe her son in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of her proximity to her son, whose injuries were severe, and because of her presence in the zone of danger, LISA R. WOODS was in the danger of being killed.

WHEREFORE, Plaintiff, LISA R. WOODS, demands judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XIV**

**NEGLIGENCE - SOUTHWEST AIRLINES CO.**

**LEROY WOODS**

Plaintiff, LEROY WOODS , by and through his attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LEROY WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, LEROY WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LEROY WOODS, demands judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XV**

**WILLFUL AND WANTON - SOUTHWEST AIRLINES CO.**

**LEROY WOODS**

Plaintiff, LEROY. WOODS , by and through his attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LEROY. WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, exhibited an utter indifference and conscious disregard for the safety of others, including the Plaintiff, LEROY. WOODS, and was willful and wanton in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, LEROY WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LEROY WOODS, demands judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XVI**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - SOUTHWEST AIRLINES**

**LEROY WOODS**

Plaintiff, LEROY WOODS , by and through his attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LEROY WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LEROY WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, LEROY WOODS, was forced to observe his son in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of his proximity to his son, whose injuries were severe, and because of his presence in the zone of danger, LEROY WOODS was in the danger of being killed.

WHEREFORE, Plaintiff, LEROY. WOODS, demands judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XVII**

**STRICT LIABILITY - THE BOEING COMPANY**

**LEROY WOODS**

Plaintiff, LEROY WOODS, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), states as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue

at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. Before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff, LEROY WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LEROY WOODS, demands judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XVIII**

**NEGLIGENCE - THE BOEING COMPANY**

**LEROY WOODS**

Plaintiff, LEROY WOODS, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), states as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, had a duty to exercise ordinary care for the safety of others, including Plaintiff, LEROY WOODS.

11. At all times mentioned herein, Defendant, BOEING was negligent in one or more of the following ways:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their

aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LEROY WOODS, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LEROY WOODS, demands judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XIX**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS -THE BOEING COMPANY**

**LEROY WOODS**

Plaintiff, LEROY WOODS, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), states as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LEROY WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, LEROY WOODS, was forced to observe his son in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of his proximity to his son, whose injuries were

severe, and because of his presence in the zone of danger, LEROY WOODS was in the danger of being killed.

WHEREFORE, Plaintiff, LEROY WOODS, demands judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XX**

**NEGLIGENCE - SOUTHWEST AIRLINES CO.**

**MATTHEW WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A. as Co-Guardians of the Estate of MATTHEW WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, MATTHEW WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, MATTHEW WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of MATTHEW WOODS on February 24, 2006.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, demand judgment against Defendant,

SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XXI

## WILLFUL AND WANTON - SOUTHWEST AIRLINES CO.

## MATTHEW WOODS

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS , by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, MATTHEW WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, exhibited an utter indifference and conscious disregard for the safety of others, including the Plaintiff, MATTHEW WOODS, and was willful and wanton in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, MATTHEW WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of MATTHEW WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XXII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - SOUTHWEST AIRLINES

## MATTHEW WOODS

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A. as Co-Guardians of the Estate of MATTHEW WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, MATTHEW WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, MATTHEW WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, MATTHEW WOODS, was forced to observe his brother in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of his proximity to his brother, whose injuries were severe, and because of his presence in the zone of danger, MATTHEW WOODS was in the danger of being killed.

15. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of MATTHEW WOODS on February 24, 2006.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XXIII**

**STRICT LIABILITY - THE BOEING COMPANY**

**MATTHEW WOODS**

Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. Before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff, MATTHEW WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of MATTHEW WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XXIV

## NEGLIGENCE - THE BOEING COMPANY

## MATTHEW WOODS

Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING

COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, *JOSHUA A. WOODS, JACOB WOODS* and *MATTHEW WOODS*, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, had a duty to exercise ordinary care for the safety of others, including Plaintiff, MATTHEW WOODS.

11. At all times mentioned herein, Defendant, BOEING was negligent in one or more of the following ways:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, MATTHEW WOODS, sustained injuries of a personal and pecuniary nature.

13. *LISA R. WOODS*, *LEROY WOODS* and *LASALLE BANK*, *N.A.* were appointed Co-Guardians of the Estate of MATTHEW WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XXV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS -THE BOEING COMPANY

## MATTHEW WOODS

Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, MATTHEW WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, MATTHEW WOODS, was forced to observe his brother in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of his proximity to his brother, whose injuries were severe, and because of his presence in the zone of danger, MATTHEW WOODS was in the danger of being killed.

15. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of MATTHEW WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of MATTHEW WOODS, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS

($50,000.00).

**COUNT XXVI**

**NEGLIGENCE - SOUTHWEST AIRLINES CO.**

**JACOB WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A. as Co-Guardians of the Estate of JACOB WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's

Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, JACOB WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, JACOB WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of JACOB WOODS on February 24, 2006.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XXVII**

**WILLFUL AND WANTON - SOUTHWEST AIRLINES CO.**

**JACOB WOODS**

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, JACOB WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, exhibited an utter indifference and conscious disregard for the safety of others, including the Plaintiff, JACOB WOODS, and was willful and wanton in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Llost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, SOUTHWEST, Plaintiff, JACOB WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of JACOB WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XXVIII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - SOUTHWEST AIRLINES

## JACOB WOODS

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A. as Co-Guardians of the Estate of JACOB WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, SOUTHWEST AIRLINES CO., (hereinafter "SOUTHWEST"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, SOUTHWEST, had a duty to exercise ordinary care for the safety of others, including Plaintiff, JACOB WOODS.

11. On and before December 8, 2005, Defendant, SOUTHWEST, was negligent in one or more of the following respects:

a. Failed to properly assess landing conditions prior to commencing the approach to the airport at Chicago Midway International Airport;

b. Failed to divert to a suitable alternate airport despite the deteriorating weather conditions at Chicago Midway International Airport;

c. Failed to perform the procedures necessary to accomplish a safe landing;

d. Failed to properly maintain control of the aforesaid aircraft while landing the aircraft;

e. Failed to maintain a proper rate of descent during the approach and landing;

f. Failed to abort the landing attempt after the aforesaid aircraft bounced back into the air on touchdown;

g. Landed the aforesaid aircraft with a tailwind on a runway known to have braking conditions reported to be less than optimal;

h. Failed to use the proper combination of wheel brakes, autobrakes, spoilers and thrust reversers to decelerate the aforesaid aircraft;

i. Calculated the usable length of the runway in its approach to the runway;

j. Began an unsafe approach given the prevailing weather, visibility and runway conditions;

k. Touched down too far from the threshold of runway 31C;

l. Lost control of the aircraft;

m. Failed to stop the aircraft on the runway;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, JACOB WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, JACOB WOODS, was forced to observe his brother in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of his proximity to his brother, whose injuries were severe, and because of his presence in the zone of danger, JACOB WOODS was in the danger of being killed.

15. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of JACOB WOODS on February 24, 2006.

WHEREFORE, Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB, demand judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XXIX**

**STRICT LIABILITY - THE BOEING COMPANY**

**JACOB WOODS**

Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. Before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff, JACOB WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of JACOB WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XXX**

**NEGLIGENCE - THE BOEING COMPANY**

**JACOB WOODS**

Plaintiff, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched

down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, had a duty to exercise ordinary care for the safety of others, including Plaintiff, JACOB WOODS.

11. At all times mentioned herein, Defendant, BOEING was negligent in one or more of the following ways:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, JACOB WOODS, sustained injuries of a personal and pecuniary nature.

13. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of JACOB WOODS on February 24, 2006.

WHEREFORE, Plaintiffs, LISA WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

COUNT XXXI

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS -THE BOEING COMPANY

JACOB WOODS

Plaintiffs, LISA R. WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB WOODS, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., and SCHLYER & ASSOCIATES, complaining of Defendant, THE BOEING COMPANY, (hereinafter "BOEING"), state as follows:

1. On and before December 8, 2005, Defendant SOUTHWEST, was a corporation organized under the laws of the State of Texas and doing business at Midway International Airport in the City of Chicago, County of Cook, State of Illinois.

2. On and before December 8, 2005, Defendant, BOEING, was a citizen of the State of Illinois with its principal place of business in the State of Illinois.

3. On and before December 8, 2005, Defendant, SOUTHWEST, owned and operated Boeing aircraft 737-700, tail number N-471.

4. On and before December 8, 2005, 55th Street was a public thoroughfare running in an easterly and westerly direction in the City of Chicago, County of Cook and State of Illinois.

5. On and before December 8, 2005, Central Avenue was a public thoroughfare running in a northerly and southerly direction in the City of Chicago, County of Cook and State of Illinois.

6. On December 8, 2005, Southwest Flight 1248 (the Boeing 737-100, tail number N-471) was scheduled to depart from Baltimore, Maryland and was scheduled to land at Chicago's Midway International Airport.

7. On December 8, 2005, at approximately 7:14 p.m., the Plaintiff, LEROY WOODS, was operating his motor vehicle in a northbound direction on the aforementioned Central Avenue at or near its intersection with 55th Street, in the City of Chicago, County of Cook and State of Illinois.

8. On December 8, 2005, at approximately 7:14 p.m., Plaintiffs, LISA R. WOODS, JOSHUA A. WOODS, JACOB WOODS and MATTHEW WOODS, were traveling as passengers in the vehicle being operated by Plaintiff, LEROY WOODS.

9. On December 8, 2005, at approximately 7:14 p.m. (shortly after Flight 1248 touched down), the aircraft slid off the airport property into the aforementioned 55th Street and Central Avenue intersection and collided with the motor vehicle being operated by Plaintiff, LEROY WOODS.

10. On and before December 8, 2005, Defendant, BOEING, manufactured said aircraft and had a duty to manufacture it in a reasonably safe condition.

11. At all times mentioned herein, and when the aforesaid Boeing 737-700, tail number N-471 aircraft left the control of Defendant, BOEING, said aircraft was in an unreasonably dangerous condition in one or more of the following respects:

a. Failed to provide proper and effective thrust reversers on their aircraft;

b. Failed to provide adequate warning regarding the use of thrust reversers on their aircraft;

c. Failed to warn pilots to not take stopping credit for assumed engine thrust reverser deployment at touchdown in calculating the amount of useable runway remaining;

d. Provided software that factored in the use of thrust reversers for runway calculations which gave an unrealistic margin of safety when interpreting how much stopping margin was available;

e. Failed to provide a warning to the pilots that the thrust reversers were not actually engaged when deployment was detected;

f. Failed to provide a thrust reverser in its aircraft which could easily be actuated;

g. Failed warn pilots that a single event such as the delayed deployment of the thrust reversers could lead to an unsafe condition;

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, JACOB WOODS, sustained injuries of a personal and pecuniary nature, including severe emotional distress.

13. During the collision, JOSHUA A. WOODS, sustained injuries that resulted in his death, and during that time, JACOB WOODS, was forced to observe his brother in his injured state and to remain in close proximity to him and in the zone of physical danger with respect to him.

14. During the aforesaid time, because of his proximity to his brother, whose injuries were severe, and because of his presence in the zone of danger, JACOB WOODS was in the danger of being killed.

15. LISA R. WOODS, LEROY WOODS and LASALLE BANK, N.A. were appointed Co-Guardians of the Estate of JACOB WOODS on February 24, 2006.

WHEREFORE, Plaintiff, LISA WOODS and LEROY WOODS and LASALLE BANK, N.A., as Co-Guardians of the Estate of JACOB, demand judgment against Defendant, THE BOEING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Attorneys for Plaintiff

Robert A. Clifford
Kevin P. Durkin
CLIFFORD LAW OFFICES, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Attorney No.: 32640

Donald E. Schlyer
SCHLYER & ASSOCIATES
200 West 80th Place
Merrillville, Indiana 46410
(219) 757-0225
Attorney No. 6192598

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LISA WOODS, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST AIRLINES CO., and THE BOEING COMPANY, | ) |
| | ) |
| Defendants. | ) |

**CONSENT TO REMOVAL**

Defendant, THE BOEING COMPANY by and through its attorneys, William T. Cahill and Bates McIntyre Larson of PERKINS & COIE LLP, respectfully submits this Consent to Removal of the above-captioned matter, originally filed in the Circuit Court of Cook County, Illinois, Law Division (Case No. 2006 L 003686), to the United States District Court for the Northern District of Illinois, Eastern Division.

DATED: April 20, 2006

THE BOEING COMPANY

By: Bates M. Larson

William T. Cahill
Bates McIntyre Larson
PERKINS & COIE LLP
131 South Dearborn Street
Suite 1700
Chicago, IL 60603

J:\users\!Files\Open Files\0194.11854\Removal\Woods. Consent Removal Boeing.doc

DEFENDANT'S EXHIBIT B

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 317 | **DATE** | 4/20/2006 |
| **CASE TITLE** | Bennett v. Southwest Airlines et al (06 C 317 & 06 C 332)<br>James v. Southwest Airlines et al (06 C 318 & 06 C 330)<br>Wesolowski v. Southwest Airlines et al (06 C 319 & 06 C 331) | | |

**DOCKET ENTRY TEXT**

Ruling held on 4/20/2006. Motion to remand is denied.

■[ For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiffs claim that we have no subject matter jurisdiction in this removed case, so it should be remanded to state court. Defendants offer two theories as to why federal question jurisdiction is available. The first is that federal law completely preempts the field of air safety. The issue of preemption presents many analytical complexities, which are dealt with in a number of decided cases. Aside from whether preemption is to be considered a jurisdictional matter as opposed to a defensive posture, the nature and breadth of any preemption necessarily depends on the facts and activities alleged. It is abundantly clear based on settled law, however, that the matter of air safety during take-offs and landings is a matter essentially of federal concern, legislation, and regulation. As such, it supports concepts of federal question and federal jurisdiction.

Defendants' second position is that Plaintiffs' allegations not only depend upon a substantial question of federal law, but one that requires uniform treatment in a federal forum. Plaintiffs' negligence claims will stand or fall according to the scope and extent of Defendants' duties and whether they were breached. These issues depend directly on the construction and application of the FAA and federal aviation regulations during aircraft takeoff and landing. Thus, a necessary element of the plaintiffs' claims turns on a substantial question of federal law, making removal jurisdiction proper. The motion to remand is accordingly denied.

**Dated:** **April 20, 2006**

Charles P. Kocoras

**CHARLES P. KOCORAS**
**Chief Judge**
**United States District Court**

DEFENDANT'S EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA WOODS, et seq., | ) | |
| | ) | 06cv2203 |
| Plaintiff, | ) | JUDGE KOCORAS |
| | ) | MAGISTRATE MASON |
| v. | ) | FILED |
| | ) | |
| SOUTHWEST AIRLINES CO., and | ) | |
| THE BOEING COMPANY, | | APR 20 2006 |
| | | Apr 20 2006 |
| Defendants. | | MICHAEL W. DOBBINS |
| | | CLERK, U.S. DISTRICT COURT |

**NOTICE OF FILING NOTICE OF REMOVAL,**
**APPEARANCE AND CIVIL COVER SHEET**

TO: See attached service list.

PLEASE TAKE NOTICE that on April 20, 2006, we have filed with the Clerk of the United States District Court for the Northern District of Illinois, the Defendant's, SOUTHWEST AIRLINES CO., Notice of Removal, Appearance, Civil Cover Sheet, copies of which are attached hereto.

Respectfully submitted,

MERLO KANOFSKY BRINKMEIER & GREGG Ltd.

By: ______________________________
Michael J. Merlo

Attorneys for the Defendant,
SOUTHWEST AIRLINES CO.
Michael J. Merlo
Alan J. Brinkmeier
Linda J. Schneider
Donald G. Machalinski
MERLO KANOFSKY BRINKMEIER & GREGG Ltd.
208 South LaSalle Street, Suite 950
Chicago, Illinois 60604
(312) 553-5500
Attorney No. 40738

**PROOF OF SERVICE BY MAIL**

Eileen F. Foley, being first duly sworn on oath deposes and states the attached documents were served on the parties as addressed herein, by enclosing a copy of same in an envelope, sealed, postage prepaid, and depositing same in United States Mail Chute at 208 South LaSalle Street, Chicago, Illinois, 60604 on April 20, 2006.

Eileen F. Foley

SUBSCRIBED & SWORN to before me on April 20, 2006.

NOTARY PUBLIC

"OFFICIAL SEAL"
DARLENE KWEDER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/07/2007

J:\users\!Files\Open Files\0194.11854\Removal\Woods.NoticeFiling.Removal.Federal.doc